MURPHY and Another *v.* MERRY.

Parol evidence is not admissible to vary a recognizance of bail.
A parol promise to pay the debt of another, being within the statute of frauds,
is not valid.

ERROR to the *Vigo* Circuit Court.

PERKINS, J.—A bill in chancery was filed in the *Vigo* Circuit Court, by *Joseph K. Merry* against *Charles B. Modisett*, *William Corry*, and *John D. Murphy*, alleging that the complainant on the 11th of *May*, 1839, was indebted to *Modisett* in a fraction over 500 dollars, balance of purchase-money on out-lot forty-two in *Terre-Haute;* that on the same day, he confessed a judgment in the Court above named for the amount, to *Modisett*, on his agreement to make a deed for the lot so soon as complainant should cause said judgment to be replevied by satisfactory bail, which bail was procured in the person of one *Zenas Smith;* that about that time, the complainant sold one-half of said lot to *William Corry*, in consideration of which *Corry* assumed to pay, at the expiration of the stay of execution, the judgment to *Modisett*, the latter agreeing to release the complainant; that *Corry* thereupon offered himself as replevin-bail on the judgment in place of *Smith* the then bail, but *Modisett* objecting to the reception of him alone, he, with *Modisett's* approbation, procured *Murphy* to become joint bail with him, under an agreement between *Murphy*, *Corry*, and *Merry*, that *Corry* and *Murphy* were to pay the judgment to *Modisett*, and that *Merry* was to be released therefrom; whereupon *Smith*, the existing bail, was discharged. The bill further states that *Modisett* conveyed to *Corry*, by the procurement of the complainant, the half of said lot sold by complainant to *Corry;* it states *Corry's* insolvency, the failure of his property to satisfy but a part of the judgment, the suing out by *Modisett* of a joint execution against complainant and the bail for the balance, and the levy of the same on the property of the complainant. An injunction was prayed restraining further proceedings against the complainant on said execution; and a decree was asked compelling *Modisett* to look alone to *Corry* and *Murphy* for the payment of said judgment pursuant to the alleged agreement. An injunction was granted. At the next term of the Court, *Modisett* and *Murphy* answered, denying most of the material allegations of the bill; the injunction was dissolved and the execution proceeded against the complainant, who thereupon paid the money due upon it. The facts subsequent to the dissolution of the injunction are set forth in a

Nov. Term,
1846.

MURPHY
*v.*
MERRY.

*Monday,
December* 21.

supplemental bill, to which is appended a prayer for a decree that *Corry* and *Murphy* repay the complainant the amount paid by him on the execution. *Murphy* answered the supplemental bill requiring proof of its allegations. The complainant subsequently dismissed his proceedings as to *Modisett;* they were abated as to *Corry* by his death; and a final decree was rendered against *Murphy,* in accordance with the prayer of the supplemental bill, for the repayment to *Merry* of the money paid by him on the execution.

It is contended that this decree is not justified by the facts appearing upon the record; and whether it is so or not, is the only question for consideration.

There is no proof of the alleged agreement on the part of *Modisett* to release *Merry,* the complainant, from liability as principal debtor in the aforementioned judgment; and the only written evidence in the case is the entry of bail for the stay of execution on that judgment, which reads as follows: "*Charles B. Modisett* v. *Joseph K. Merry.* Judgment at *May* term, 1839. We, *William Corry* and *John D. Murphy,* do hereby acknowledge ourselves security for *Joseph K. Merry* for the payment of the above judgment, interest, and costs, which have accrued and may hereafter accrue on the same, at the expiration of one hundred and eighty days from the date hereof. Witness our hands and seals. *May* 23, 1839. *William Corry. John D. Murphy.*"

The first ground assumed by the counsel for the defendant in this Court to sustain the decree is, that the proof shows, though the fact is denied in the answer, that *Corry,* nominally security for the complainant, became, really, by agreement on entering himself replevin-bail, the principal judgment-debtor to *Modisett,* and that *Murphy* was security for him and not for the complainant, and is consequently liable to the decree that has been rendered against him. The opposite counsel waiving the inquiry as to what the evidence may or may not establish, reply that the entry of bail upon the record is in writing, is explicit in its terms that *Corry* and *Murphy* are but the security for the complainant, and that those terms cannot be varied by parol evidence; and on this point we think the law is with them.

VOL. VIII.—38

The next position is, that *Murphy* was a principal with *Corry* in the purchase of the half lot conveyed to the latter, and therefore directly liable to the complainant on that contract for the purchase-money. Were the fact assumed in this position admitted in the answer, or established by the proofs, the position might sustain the decree. At all events, under such circumstances the complainant would have a remedy at law or in equity, perhaps both; but the fact is neither admitted nor proved. The evidence is somewhat vague, but the most it will justify us in inferring against *Murphy* is, that he agreed by parol to pay the consideration for the half lot sold to *Corry*, by paying the judgment to *Modisett* if *Corry* did not do it; in other words, his agreement was as between himself, *Corry*, and *Merry*, to be answerable for *Corry's* debt, which agreement, being by parol, is within the statute of frauds and does not render him liable to an action (1). The decree must be reversed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*R. W. Thompson* and *C. W. Barbour*, for the plaintiffs.
*A. Kinney* and *S. B. Gookins*, for the defendant.

(1) The promise mentioned in the text—viz., *Murphy's* promise to *Merry* to pay him the debt due to him from *Corry*,—was a promise to answer for the debt of another within the statute of frauds. But a parol promise to pay the debt of another, made to the person who owes the debt, and not to him to whom it is due, is not within the statute. In a late case on this subject, C. J. *Denman* says—"The facts were that the plaintiff was liable to a Mr. *Blackburn* on a promissory note; and the defendant, for a consideration, which may for the purpose of the argument be taken to have been sufficient, promised *the plaintiff* to pay and discharge the note to *Blackburn*. If the promise had been made to *Blackburn*, doubtless the statute would have applied: it would then have been strictly a promise to answer for the debt of another; and the argument on the part of the defendant is, that it is not less the debt of another, because the promise is made to that other, viz., the debtor, and not to the creditor, the statute not having in terms stated to whom the promise, contemplated by it, is to be made. But upon consideration we are of opinion that the statute applies only *to promises made to the person to whom another is answerable.*" *Eastwood* v. *Kenyon*, 11 Adol. & Ell. 438. In a subsequent case, in which *Eastwood* v. *Kenyon* is cited and approved, the Court says—"The statute (of frauds) applies only to promises made to the persons to whom another is already, or is to become, answerable. It must be a promise to be answerable for a debt of, or a default in some duty by, that other person *towards the promisee.*" *Hargreaves* v. *Parsons*, 13 Mees. & Welsb. 561.